UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

HENRY NINO,

           Plaintiff,                        Case Number: 07-13545

v.                                              Honorable Arthur J. Tarnow

FORD MOTOR COMPANY,                  Magistrate Judge Mona K. Majzoub

            Defendant.

_____/

## ORDER GRANTING DEFENDANT'S MOTION TO DISMISS/SUMMARY JUDGMENT [DE 8], AND DISMISSING CASE

Before the Court is Defendant's Motion to Dismiss, or in the Alternative, for Summary Judgment [DE 8]. The Court finds that the facts and legal arguments are adequately presented in the parties' pleadings and briefs, and that the decision process would not be significantly aided by oral argument. Therefore, pursuant to Eastern District of Michigan Local Rule 7.1(e)(2), these motions will be decided on the briefs and without oral argument. For the reasons stated below, Defendant's motion is GRANTED.

### BACKGROUND

Plaintiff has worked as an hourly employee for Defendant since 1988. In approximately 1997, Plaintiff began to declare on his W-4 (Employee Withholding Allowance Certificate) forms that he was exempt from federal tax. On at least one occasion, he claimed 99 deductions on his W-4. Following these attempts at exemption, the IRS wrote Defendant about Plaintiff in June 2006. Def. Mot., Ex. 4. The agency instructed Defendant to disregard Plaintiff's W-4, and treat it as thought it was filled out for a single person with no deductions. It told Defendant to ignore any new W-4s that would result in less withholding, but to honor any that would increase withholding.

Also in 1997, Plaintiff sued Defendant in state court under a theory similar to the current

action. *See* Def. Reply, Ex. 1. His Complaint there alleged that "[m]y employer keeps from me my property (my wages) and sends it to the Federal government for taxes that I do not owe . . ." *Id*. at 3.

Plaintiff filed this *pro se* Complaint in August 2007. He alleges that Defendant has diminished his compensation "under the color of Federal Employment Taxes and Income Tax Withholding," which he characterizes as a "constructive fraud." Pl. Compl. ¶ 9. Plaintiff's theory is that Defendant was required by law "to secure the administrative determination of the employer-employee relationship," that it failed to do so, and that this failure resulted in "fraudulent collections of information." *Id*. ¶¶ 7, 11.

**ANALYSIS**

First, "the pleadings of *pro se* petitioners are held to less stringent standards than those prepared by attorneys, and are liberally construed when determining whether they fail to state a claim upon which relief can be granted." *Martin v. Overton*, 391 F.3d 710, 712 (6th Cir. 2004) (citing *Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir.1991)). In analyzing a motion to dismiss brought pursuant to Federal Rule of Civil Procedure 12(b)(6), a court must treat all "well-pleaded allegations" as true, and "find dismissal proper only if it appears beyond doubt that the plaintiff can prove no set of facts in support of the claims that would entitle him or her to relief." *Zaluski v. United American Healthcare Corp.*, 527 F.3d 564, 570 (6th Cir. 2008) (citation omitted).

Furthermore, a court must "construe the complaint in the light most favorable to the plaintiff." *Id*. (citation omitted). However, to survive a motion to dismiss, a Complaint must demonstrate "more than the bare assertion of legal conclusions." *In re Sofamor Danek Group, Inc.*, 123 F.3d 394, 400 (6th Cir. 1997) (citing *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir.1987)). In addition, the court "need not accept as true legal conclusions or unwarranted factual inferences." *Id*.

Here, Plaintiff can prove no set of facts which would entitle him to relief, because he has no

cause of action. His Complaint, and his arguments in Response to Defendant's Motion, consist primarily of legal conclusions without a factual basis and without legal authority.

Plaintiff asserts repeatedly that Defendant is "statutorily required to secure a determination of Worker Status for purpose of Income Tax Withholding" before it may commence the tax withholding process. His sole support for this premise is the existence of the form SS-8, entitled "Determination of Worker Status for Purposes of Federal Employment Taxes and Income Tax Withholding." This form by its own instructions is permissive, not mandatory. *See* Pl. Compl., Ex. P-2, 5 ("*Neither workers nor firms are required* to request a status determination, but if you *choose* to do so, you must provide the information requested on this form." (emphasis added)).

Plaintiff has further charged, for example, that Defendant "has failed to abide by the statutory laws of the United States," Pl. Compl. ¶ 2; Defendant "is required as a matter of law . . . to establish the statutory employer-employee relationship," *id.* ¶ 7; and Defendant "is statutorily required to secure a determination of Worker Status," Pl. Resp. 9, all without reference to an actual statute or other authority. These are legal conclusions without authority or factual support.

Plaintiff has not cited, nor has the Court found after its own research efforts, any legal authority for his contention that an employer *must* make this worker status determination before withholding taxes. "This court is not obligated to consider unsupported arguments . . ." *United States v. Clark*, 929 F.2d 702 (unpublished), 1991 WL 46481 (6th Cir. Apr. 4, 1991) (citing *United Transp. Union v. Dole*, 797 F.2d 823, 827 (10th Cir.1986)).

Furthermore, withholding federal income tax and making payments to the IRS are mandatory duties for employers. *United States v. May*, 174 Fed.Appx. 877, 879, 2006 WL 890658, 1 (6th Cir. 2006) (citing 26 U.S.C. §§ 3102(a), 3402(a)). In addition, "[e]mployees have *no cause of action* against employers to recover wages withheld and paid over to the government in satisfaction of federal income tax liability." *Edgar v. Inland Steel Co.*, 744 F.2d 1276, 1278 (7th Cir. 1984) (citing 26 U.S.C. § 3403) (emphasis added); *accord*, *Reese v. Bayview Elec. Co.*, 9 Fed. Appx. 284, 285 (6th Cir. 2001).

The Sixth Circuit has also noted that when a plaintiff "is challenging federal income tax withholding, his exclusive remedy for a tax refund is an action against the United States." *Gregory v. Electrical Workers Local 58 Pension Trust Fund*, 1995 U.S. App. LEXIS 9394 (6th Cir. Mich. Apr. 20, 1995) (citing 26 U.S.C. § 7422; *Burda v. M. Ecker Co.*, 954 F.2d 434, 439 (7th Cir. 1992)). Plaintiff chose to sue his employer in this tax challenge, and not the United States. He therefore has no remedy here.

## CONCLUSION

For all the reasons stated above,

IT IS HEREBY ORDERED that Defendant's motion to dismiss or for summary judgment [DE 8] is GRANTED.

IT IS FURTHER ORDERED that Plaintiff's Complaint is DISMISSED WITH PREJUDICE.

SO ORDERED.

S/ARTHUR J. TARNOW
Arthur J. Tarnow
United States District Judge

Dated: August 8, 2008

I hereby certify that a copy of the foregoing document was served upon counsel of record on August 8, 2008, by electronic and/or ordinary mail.

S/THERESA E. TAYLOR
Case Manager